IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 6, 2005

## TYRUS A. ROGERS v. DAVID MILLS, Warden

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5977     Joseph H. Walker, III, Judge**

---

**No. W2005-01920-CCA-R3-HC  - Filed January 17, 2006**

---

The petitioner, Tyrus A. Rogers, appeals the trial court's denial of his petition for habeas corpus relief from his conviction for attempted second degree murder. Because the petitioner has failed to allege a cognizable claim for habeas corpus relief, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Tyrus A. Rogers, West Tennessee State Prison, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The amended judgment in the record reflects that the petitioner pled guilty on June 14, 2004, to attempted second degree murder and was sentenced as a Range I, standard offender to twelve years in the Department of Correction. On June 27, 2005, the petitioner filed a *pro se* petition for writ of habeas corpus in the Circuit Court of Lauderdale County, alleging that subsequent to the entry of his guilty plea his sentence was illegally enhanced from twelve to fourteen years without his knowledge or consent and in violation of the holding in Blakely v. Washington, 124 S. Ct. 2531 (2004). The petitioner further alleged that his conviction was rendered void because the judgment form lacked the signatures of himself, his attorney, and the trial court. He asserted he had previously filed a petition for post-conviction relief, which had been denied "on or around the date of October 12, 2004."

On June 29, 2005, the trial court entered an order denying the petition on the basis that the petitioner failed to allege any grounds to show that his conviction was void. On August 10, 2005, more than thirty days after entry of the trial court's judgment, the petitioner filed his notice of appeal to this court.

## ANALYSIS

The State initially argues that we should dismiss the appeal as untimely. Pursuant to Tennessee Rule of Appellate Procedure 4(a), a notice of appeal shall be filed within thirty days after the date of entry of the judgment being appealed. Rule 4 further provides, however, that in all criminal cases the notice of appeal is not jurisdictional and may be waived "in the interest of justice." Because the petitioner is proceeding *pro se*, we waive the untimely filing of the notice of appeal in this case.

The grounds upon which habeas corpus relief may be granted in this state are narrow. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. Id. A judgment is void "'only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.'" Id. (quoting State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The petition in this case fails to state a cognizable claim for habeas relief. On appeal, the petitioner argues that his conviction is void both because he was indicted for attempted second degree murder but convicted of first degree murder, and the trial judge failed to sign the judgment form. The amended judgment in this case, however, reveals that the petitioner's conviction was for attempted second degree murder, not first degree murder. Furthermore, as the State points out, the trial judge's failure to sign the judgment form does not render the conviction void. "It is well-settled law that a trial judge's failure to sign a judgment does not give rise to a claim for relief under habeas corpus proceedings." Arzolia Charles Goines v. Glen Turner, Warden, No. E2004-00289-CCA-R3-HC, 2004 WL 2439291, at *2 (Tenn. Crim. App. Nov. 1, 2004) (internal quotations omitted). Finally, the petitioner's allegation that his sentence was illegally enhanced is also not a cognizable claim for habeas corpus relief.

## CONCLUSION

After reviewing the record, we conclude that the petitioner has not established a cognizable claim for habeas corpus relief. Accordingly, we affirm the trial court's denial of the petition.

_____
ALAN E. GLENN, JUDGE